**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony Lee JACOBS, Defendant–**
**Appellant.**

**No. 04–40927.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided July 19, 2005.

Traci Lynne Kenner, Assistant U.S. Attorney, U.S. Attorney's Office, Tyler, TX, for Plaintiff–Appellee.

Michael Dennis Samonek, Olson, Nicoud & Gueck, Dallas, TX, for Defendant–Appellant.

Before WIENER, STEWART, and DENNIS, Circuit Judges.

PER CURIAM: *

Anthony Lee Jacobs appeals from his guilty-plea conviction for conspiring to fraudulently use access devices, in violation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 18 U.S.C. §§ 371 and 1029(a)(2). He argues that (1) his due process rights were violated under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by the suppression of exculpatory evidence; (2) his sentence should not have been increased for being a manager or supervisor; and (3) he should have been granted an adjustment for acceptance of responsibility. Jacobs's *Brady* claim was waived by his valid guilty plea. *See United States v. Lampazianie,* 251 F.3d 519, 526 (5th Cir.2001); *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984).

The district court's application and interpretation of the federal sentencing guidelines is reviewed de novo and the district court's factual findings are reviewed for clear error. *United States v. Villanueva,* 408 F.3d 193, 202–203 (5th Cir.2005). Examination of the record shows that the district court's findings that Jacobs was a manager or supervisor pursuant to U.S.S.G. § 3B1.1(b) and that Jacobs did not demonstrate acceptance of responsibility for his offense were not clearly erroneous.

Accordingly, the district court's judgment is AFFIRMED.